3-16-cv-354-DJH

UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **JOSHUA D. FENWICK** | ) | |
| PLAINTIFF | ) | CASE NO.  16-CV-_____ |
| V. | ) | |
| | ) | |
| **RUSHMORE LOAN MANAGMENT** | ) | Judge |
|   SERVICES, LLC | ) | |
| | ) | |
|     SERVE:  CSC | ) | Mag. |
|     421 WEST MAIN STREET | ) | |
|     FRANKFORT, KY 40601 | ) | |
| | ) | |
| **TRANSUNION LLC** | ) | |
| | ) | |
|     SERVE: THE PRENTICE HALL | ) | |
|     CORPORATION SYSTEM | ) | |
|     421 WEST MAIN STREET | ) | |
|     FRANKFORT, KY 40601 | ) | |
| | ) | |
| **EQUIFAX INFORMATION** | ) | |
|   SERVICES, LLC | ) | |
|     SERVE: CSC | ) | |
|     421 WEST MAIN STREET | ) | |
|     FRANKFORT, KY 40601 | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
|   SOLUTIONS, INC. | ) | |
|     SERVE:  CT CORPORATION SYSTEM | ) | |
|     306 W MAIN STREET | ) | |
|     SUITE 512 | ) | |
|     FRANFORT, KY  40601 | ) | |
| | ) | |
| **DEFENDANTS** | ) | |

---

Complaint Seeking Statutory, Actual and Punitive Damages under the Fair Credit Reporting Act, the Fair Debt Collections Practices Act, Kentucky Consumer Protection Act, Attorney Fees, and Jury Demand

---

### INTRODUCTION

1. This is an action is brought pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq*, on behalf of a consumer, Joshua Fenwick, against certain defendants who,

as furnishers of credit information, willfully and intentionally provided false, incomplete, and inaccurate information concerning Plaintiff in direct violation of 15 U.S.C. § 1681s-2b and 15 U.S.C. § 1681e(b).  In addition, specifically against Defendant Rushmore Loan Management Services, LLC for attempting to collect a debt in violation of the Fair Debt Collections Practices Act (FDCPA) at 15 U.S.C. § 1696e-2(a), and the Kentucky Consumer Protection Act (KCPA).

## PARTIES JURISDICTION AND VENUE

2. The Plaintiff, Joshua Fenwick, is a resident of the city of Coxs Creek, Nelson County, Kentucky, and is a "consumer" as defined by the FDCPA, FCRA, and KCPA.

3. Defendant, Rushmore Loan Management Services, LLC, hereinafter "Rushmore," is a foreign limited liability company, registered to do business in Kentucky, has a principal place of business at 2711 Centerville Road, Wilmington, Delaware, 19808, and is a "debt collector" as defined by 15 U.S.C § 1696(a)(6) for purposes of the FDCPA, and a furnisher of credit information and/or user of consumer reports, as defined by the FCRA and is subject to the requirements found at 15 U.S.C. § 1681s-2(b).

4. Defendant Transunion LLC, is a foreign limited liability company registered to do business in Kentucky, has a principal place of business at 555 West Adams, Chicago, Illinois, 60661, and is an entity which issues, assembles, transfers and publishes "consumer reports" and "credit information" regarding Plaintiff and others, as defined by the FCRA, and is a consumer reporting agency with the meaning of 15 U.S.C. § 1681a(p).

5. Defendant Equifax Information Services LLC., hereinafter "Equifax," is a foreign limited liability corporation registered to do business in Kentucky, with a principal place of business at 1550 Peachtree St. NW, Atlanta, Georgia, 30309, and is an entity which issues, assembles, transfers and publishes "consumer reports" and "credit information"

regarding Plaintiff and others, as defined by the FCRA and is a consumer reporting agency with the meaning of 15 U.S.C. § 1681a(p).

6. Defendant Experian Information Solutions, Inc., hereinafter "Experian," is a foreign corporation registered to do business in Kentucky, with a principal place of business at 475 Anton Blvd, Costa Mesa, California, and is an entity which issues, assembles, transfers and publishes "consumer reports" and "credit information" regarding Plaintiff and others, as defined by the FCRA and is a consumer reporting agency with the meaning of 15 U.S.C. § 1681a(p).

7. At all times the relevant unlawful conduct described herein occurred primarily within Nelson County, Kentucky.

8. Jurisdiction is proper pursuant to 28 U.S.C § 1331, as this case is brought under 15 U.S.C. § 1681 *et seq* and 15 U.S.C. § 1696 *et seq*. This Court has ancillary jurisdiction of the state law claim pursuant to 28 U.S.C § 1367, in that the claims herein arose out of the same basic facts, which give rise to the principal federal claim.

9. The amount in controversy exceeds the jurisdictional limit.

## STATEMENT OF FACTS

10. In March 2015 Mr. Fenwick and his wife were shopping around for a mortgage loan to purchase a new primary residence in Nelson County, and the couple were in communication with a few mortgage brokers in an attempt to find the best deal given his credit situation.

11. Mr. Fenwick had filed for Chapter 13 Bankruptcy protection in the Western District of Kentucky in the fall of 2012, and the case was discharged in August 2013, after successful completion of his Chapter 13 plan.

12. In the Bankruptcy Petition, Bank of America N.A. had been listed as a secured creditor, holder of the mortgage on his real property, and received notices of the Petition, the statement of intention to surrender the property to the creditor, and the discharge of Mr. Fenwick's obligation to the lender.

13. Mr. Fenwick's prior home in Washington County had been surrendered in the proceedings, and an *en rem* foreclosure action was initiated by Bank of America, N.A. on April 16, 2014 in Washington County Circuit Court.

14. On December 1, 2014 Mr. Fenwick's discharged mortgage loan was securitized and was transferred from Bank of America to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as Trustee for BCAT 2014-4TT, and Defendant, Rushmore Loan Management Services Inc., was the servicer for the loan in question that had been discharged in the bankruptcy.

15. Wilmington Saving Fund substituted in as Plaintiff on the Washington County foreclosure action in early 2015, and continued to have Rushmore perform the loan servicing duties on the account on behalf of the Trust.

16. Notice of the Plaintiff's bankruptcy and discharge was plead in the foreclosure Complaint, and Rushmore had actual knowledge of the discharge obtained within the bankruptcy proceeding.

17. Defendant Rushmore began the servicing of Mr. Fenwick's discharged mortgage loan on December 1, 2014, and during no time was money owed by Mr. Fenwick to Rushmore Loan Management Services.

18. None the less, each and every month since its servicing duties began, Rushmore sent monthly statements to Mr. Fenwick with a balance stated, with a payment coupon to submit payment, and reported a balance outstanding of approximately $75,000 to all three co-defendant credit reporting agencies, Experian, Transunion, and Equifax.

19. Mr. Fenwick had been working with Rushmore to provide the documents requested by the lender to process a deed in lieu of foreclosure. He was unsuccessful as he understood the agreement Rushmore offered to continue to demand sums of money allegedly owed by Mr. Fenwick to Rushmore. No agreement was ever signed.

20. At all times relevant Mr. Fenwick disputed the debt and amount owed to Rushmore, and sent them copies of his bankruptcy schedules and Order of Discharge, and demanded they updated the tradeline in his credit report.

21. Mr. Fenwick went so far as to retain counsel through his bankruptcy law firm, and signed a contract to pay $600 for credit repair, to restore the damage down by inaccurate reporting of the debt by Rushmore.

22. On December 16, 2015 a Judgment and Order of Sale on the Washington County property was entered, and a subsequent sale took place on January 23, 2016, which was confirmed by the Washington Circuit Court in April 2016.

23. All the while the state court foreclosure action was proceeding, Mr. Fenwick and his wife were attempting to procure financing for their new home in Nelson County.

24. Mr. Fenwick had been advised by his mortgage broker that two years after the discharge of his Chapter 13 Bankruptcy he would become eligible for a VA Loan to purchase a new home.

25. His two years was set to expire in August 2015, so in March 2015 Mr. Fenwick and his wife were attempting to find a suitable home, to them obtain approval of a VA Loan through Home Services Lending.

26. Mr. Fenwick was approved for his VA Certificate, but when the underwriter pulled Mr. Fenwick's credit, he was turned down for the VA Loan with a 3.25% interest rate due in substantial part to the serious delinquency and stated outstanding balance reported by Rushmore.

27. Mr. Fenwick disputed account as reported by Rushmore with all three co-defendant credit reporting agencies, through either their call-in or their online dispute procedures, in May 2015, and requested re-investigation and/or correction of the inaccurate and erroneous reporting of the account.

28. All three co-defendants, Experian, Transunion, and Equifax, after submission to Rushmore, verified the account as correct, and continued to erroneously report the

inaccurate Rushmore tradeline with a 120 days or more delinquent, and an outstanding balance of $75,000.

29. In June 2015, Mr. Fenwick subscribed to Credit Karma, and again disputed the inaccurate, erroneous, and misleading information through Credit Karma's dispute process, again requesting re-investigation and/or correction of the inaccurate account.

30. All of the disputes were received by the Defendants, Equifax, Experian, and Transunion, and thereafter submitted to Rushmore.

31. None of the disputes submitted by Mr. Fenwick resulted in a correction on his credit report, and all disputes were returned as verified. This inaccurate and erroneous information was reported by Defendants countless times.

32. Mr. Fenwick and his wife proceeded to finance their dream home in Nelson county by putting the financing in Mrs. Fenwick's name only, and were approved for conventional loan at a much higher interest rate of 4.75% for a 30 year loan term with a principal balance of $175,000 in July 2015.

33. In August 2015, Mr. Fenwick applied for credit to obtain a zero turn mower from Nelson County Implement Company. But, he was again denied credit due to Rushmore's tradeline and inaccurate and erroneous reporting.

34. In the fall of 2015, the Fenwicks attempted to refinance their mortgage loan with Franklin America, and sought a VA loan for 3.00% for 15 years, again through Home Services Lending.

35. An extension of credit was again denied based upon credit information supplied by Defendants Experian, Equifax, and Tranunion, which further relied on the false, inaccurate, and incomplete information supplied by Defendant Rushmore.

36. In March 2016, Mr. Fenwick retained undersigned counsel, who assisted with the final paper dispute of the Rushmore account with all three credit reporting agencies, with supporting documentation from the bankruptcy and the foreclosure sale.

37. As of the filing of this Complaint, all three CRA's have reported a zero balance of the account reported by Rushmore, after almost three years of willful and intentional inaccurate reporting by Defendants' based upon willful and intentional inaccurate and erroneous information supplied by Rushmore.

## COUNT ONE
## DEFENDANT RUSHMORE'S VIOLATIONS OF
## THE FAIR CREDIT REPORTING ACT 15 U.C.S. § 1682s-2(b)

38. Plaintiff incorporates paragraphs one (1) through thirty-six (36) as if stated herein, and further states that the actions taken by the Defendant constitute a violation of the FCRA.

39. The above described conduct of Defendant Rushmore violated the Fair Credit Reporting Act, including but not limited to 15 U.S.C. § 1681s-2(b), in that Defendant knew from the information in its files that the information it was reporting was false, inaccurate, or complete but, nevertheless, willfully refused to report the correct result of its investigation.

40. In the alternative, Defendant Rushmore failed to conduct a reasonable investigation with respect to the disputed information, and/or failed to review all the relevant information before reporting to Defendants Equifax, Experian, and Transunion in violation of 15 U.S.C. § 1681s-2(b).

41. As a direct and proximate result of Defendant Rushmore's failure where they refused to take remedial action as was requested by the Plaintiff, Plaintiff's inability to obtain the credit he requires for his personal and family needs has been significantly curtailed.

42. As a direct and proximate result of Defendant Rushmore's failure where they refused to take remedial action as requested by the Plaintiff, Plaintiff's credit score by which he is evaluated for credit has been significantly reduced.

43. As a direct and proximate result of Defendants' failure where they refused to take remedial action as requested by Plaintiff, Plaintiff suffered frustration, embarrassment, anxiety, and other related symptoms of stress.

44. Plaintiff is entitled to statutory damages of $1000, actual and punitive damages in an amount to be determined at trial, and attorney's fees for the violations of the Act.

## COUNT TWO
## DEFENDANT RUSHMORE'S VIOLATION OF
## FAIR DEBT COLLECTIONS PRACTICES ACT AT 15 U.S.C. § 1696e-2(A)

45. Plaintiff incorporates by reference, paragraphs one (1) through thirty - six (36) of the Complaint, as if restated herein, and further states that the actions taken by the Defendant constitute a violation of the FDCPA.

46. Collection of a mortgage debt is covered under the Fair Debt Collections Practices Act as lenders are "debt collectors" under the act attempted to "collect a debt." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453 (6th Cir. Ohio 2013).

47. Defendant Rushmore used false, deceptive, or misleading representations to collect a debt that was discharged in a bankruptcy, and made numerous false representations of the legal status of the debt owed by Mr. Fenwick to Rushmore.

48. These acts include, sending out monthly statements demanding payment, reporting to all three co-defendants an outstanding balance of $75,000, and attempting to procure an agreement, in the form of a deed in lieu, that requested funds be paid on the account, after the debt was discharged, and to which Plaintiff maintained no personal liability.

49. By falsely representing the legal status of the debt, claiming it had sums due to it by Mr. Fenwick, and then its attempts to collect that alleged debt owed, Rushmore violated the FDCPA at 15 U.S.C § 1696e-2(A).

50. Plaintiff is entitled to statutory damages of $1000, actual and punitive damages in an amount to be determined at trial, and attorney's fees for the violations of the Act.

## COUNT THREE
## KENTUCKY CONSUMER PROTECTION ACT

51. Plaintiff incorporates by reference, paragraphs one (1) through thirty - six (36) of the Complaint, as if restated herein, and further states that the actions taken by the Defendant Rushmore constitute a violation of the KCPA.

52. KRS 367.170 forbids unfair, false, misleading or deceptive acts in trade or commerce.

53. Defendant Rushmore by attempting to collect a debt that was discharged in the Chapter 13 Bankruptcy, violated the discharge injunction of the Bankruptcy Court, and by doing so committed an unfair, false misleading or deceptive act by its actions to collect this discharged debt.

54. Plaintiff is entitled to actual and punitive damages, and attorney's fees for the violation.

## COUNT FOUR
### DEFENDANTS EQUIFAX, EXPERIAN, AND TRANUNION'S VIOLATION OF THE FCRA AT 15 U.S.C. § 1681e(b) and 1681i.

55. Plaintiff incorporates by reference, paragraphs one (1) through thirty - six (36) of the Complaint, as if restated herein, and further states that the actions taken by the Defendants Experian, Equifax, and Transunion violate the FCRA.

56. Defendants Experian, Equifax, and Transunion continually added, stored, maintained, and disseminated personal and credit data about Plaintiff which is inaccurate, incomplete, erroneous, and misleading, without employing procedures to ensure the maximum possible accuracy of the information posted to Plaintiff's consumer reports.

57. Defendants Experian, Equifax, and Transunion, as consumer reporting agencies, failed to employ reasonable procedures for a reinvestigation in a proper manner concerning the accuracy and completeness of the erroneous and negative data upon being notified by Plaintiff that such information was inaccurate, and incomplete and, therefore, erroneous.

58. Defendants Experian, Equifax, and Transunion's above described conduct, as credit reporting agencies, violated the FCRA, including but not limited to 15 U.S.C. 1681e(b) and 1681i.

59. As a direct and proximate result of these violations, Plaintiff's credit was damaged, he suffered humiliation and embarrassment and was forced to expend time and money attempting to eradicate this matter from his credit.

60. Defendants Experian, Equifax, and Transunion's conduct in inaccurately and incompletely reporting this account were at a minimum, negligent and in violation of 15 U.S.C. § 1681o.
61. Plaintiff is entitled to statutory damages of $1000 per Defendant, actual and punitive damages in an amount to be determined at trial for the willful violation pursuant to 15 U.S.C. § 1681n, and attorney's fees for the violations of the Act.

**WHEREFORE**, Plaintiff requests that this Court:

1. Grant a jury trial;
2. Order an injunction preventing the Defendants from further negatively reporting this account on Mr. Fenwick's consumer credit report;
3. Award Plaintiff compensatory and statutory damages;
4. Award Plaintiff punitive damages as allowed by 15 U.S.C. § 1681n, and KRS 367.170, *et seq.*;
5. Award Plaintiff such equitable relief as this Court deems proper;
6. Allow Plaintiff to amend his Complaint upon completion of discovery;
7. Order Defendant to pay Plaintiff's attorney's fees as allowed by 15 U.S.C. § 1681n and KRS 367.170, *et seq.*; and
8. Award the Plaintiff any and all other relief to which she appears entitled.

Respectfully Submitted;

 /s/Stefanie Ebbens Kingsley
Stefanie Ebbens Kingsley
**Stefanie Ebbens Kingsley Law, PLLC**
801 Master Street, Suite 4
Corbin, KY 40701
(606) 260-2565 P
(606) 656-0805 F
stefanie@sek-law.com